FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUL 3 1 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GOREG TEHUTI ATUM,

                    Plaintiff,

-against-

FRANCIS D. RICIGLIANO (JUDGE),

                    Defendant.
------------------------------------------------------------------x

**MEMORANDUM & ORDER**

12-CV-2447 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Goreg Tehuti Atum, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against a New York state judge, Nassau County District Court Judge Francis D. Ricigliano, alleging discrimination and lack of subject matter over Plaintiff's criminal case. Plaintiff seeks damages. (Compl. (Docket Entry # 1) at 8.) Plaintiff paid the filing fee to commence this action. For the reasons set forth below, the action is dismissed.

**I.    STANDARD OF REVIEW**

In reviewing Plaintiff's complaint, the Court is mindful that the submissions of a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

Even if a plaintiff has paid the court's filing fee, a district court may dismiss the case, sua sponte, if it determines that the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir.1999) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989)); see also, Jolley v. Chatigny, No. 04-Civ-182, 2004 WL 306116, at *2 (D.Conn. Feb.12, 2004) (concluding that when a defendant is absolutely immune, the action can be dismissed as frivolous). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent

authority to dismiss such actions quickly in order to preserve scarce judicial resources." Fitzgerald, 221 F.3d at 364. A cause of action is properly deemed frivolous as a matter of law when, inter alia, it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## II. BACKGROUND

On May 21, 2011, Plaintiff appeared before Defendant regarding "an incident involving Plaintiff and Nassau County Police for allegedly producing a false name and false identification." (Compl. ¶ 1.) Plaintiff argued to Defendant that he is "an aboriginal indigenous Native American/Moor National" (id. ¶ 2) and further that the court "did not have subject matter jurisdiction [or] personam jurisdiction to determine the affairs of a Sovereign Nation" (id. ¶ 3). Plaintiff also argued that the Nassau County District Court had named the wrong party (his former name Warren Caple) and that he was not guilty of the offense because he did not provide a false name or identification. (Id. ¶ 2.) Defendant did not accept Plaintiff's arguments; instead, Defendant ordered Plaintiff confined for a competency determination pursuant to New York Criminal Procedure Law § 730.10. (Id. ¶¶ 4, 8.)

## III. DISCUSSION

Plaintiff's Complaint names as its only Defendant one who is immune from suit and thus a dispositive defense appears on the face of the complaint. Judges have absolute immunity from suits for damages for judicial acts performed in their judicial capacities. See Warden v. Dearie, 172 F.3d 39 (2d Cir. 1999) (citing Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judges are immune to suit except for actions not taken in judicial capacity and actions taken in complete absence of all jurisdiction)). The absolute judicial immunity of the court and its members "is not

overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quotations and citations omitted).

Here, Plaintiff's allegations against Defendant concern his official actions in a criminal matter over which he presided. This is clearly a judicial act that is protected by absolute immunity. Plaintiff's allegation that Defendant acted in the absence of jurisdiction is without merit. Plaintiff, formerly known as Warren Caple, states in his Complaint that he is "an aboriginal indigenous Native American/Moor National" and not a "citizen nor a resident of the State of New York;" the Court reads this as an argument that Defendant did not have jurisdiction over him because the case had his former name and that Moorish Nationals are not subject to New York State laws. Such claim is meritless. See Bey v. Am.Tax Funding, No. 11-cv-6458, 2012 WL 1495368, at *6 (W.D.N.Y. Apr. 27, 2012) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence."); Gordon v. Deutsche Bank, No. 11-cv-5090, 2011 WL 5325399, at *1 n.1 (E.D.N.Y. Nov. 3, 2011) (plaintiffs claim that as a Moorish-American he was not subject to eviction held to be without merit); Bey v. Bailey, No. 09 Civ. 8416, 2010 WL 1531172, at *4 (S.D.N.Y. Apr.15, 2010) (petitioner's claim that he is entitled to ignore the laws of the State of New York by claiming membership in the "Moorish–American" nation is without merit and cannot be the basis for habeas relief).

Defendant's actions were within his judicial capacity and thus are immune from this action. Even accepting Plaintiff's allegations as true, judicial immunity is not overcome by Plaintiff's allegations that Defendant was acting with bias or prejudice. Thus, all of Plaintiff's claims against Defendant must be dismissed based on judicial immunity.

**IV.    CONCLUSION**

The Court, interpreting Plaintiff's pleadings to raise the strongest arguments they suggest, finds it clear that the defendant is immune from this suit. Accordingly, Plaintiff's action is dismissed. The Court has considered affording Plaintiff an opportunity to amend the Complaint. However, because the deficiencies in the Complaint are not such that could be cured by amendment, the Court concludes that it would be futile to grant leave to amend. See O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002) ("a district court may deny leave to amend the complaint if the amendment would be futile").

SO ORDERED.

                                                        s/Nicholas G. Garaufis

Dated: Brooklyn, New York         NICHOLAS G. GARAUFIS
       July 31, 2012                      United States District Judge